FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 29, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

CLINTIN G. HICKMAN,

            Plaintiff,

   v.

CITY OF PASCO, JOSHUA DIERTRICH, in his individual capacity, and AALIYA VARGAS, in her individual capacity,

            Defendants.

No. 4:26-CV-05012-RLP

ORDER OF DISMISSAL

Before the Court is Defendants' Motion to Dismiss Plaintiff Clintin Hickman's Amended Complaint, ECF No. 22. Mr. Hickman initiated this action *pro se*. *See* ECF No. 1. By separate Order the Court granted Mr. Hickman leave to proceed *in forma pauperis*. ECF No. 5.

For the reasons set forth below, Mr. Hickman's Amended Complaint is dismissed with prejudice. Defendants' motion to dismiss is therefore granted.

ORDER OF DISMISSAL - 1

DISCUSSION

This action arises out of an interaction between Plaintiff Clintin Hickman and City of Pasco police Officers Joshua Dietrich and Aaliyah Vargas on September 20, 2025. ECF No. 21. On that day, Mr. Hickman was filming a public sidewalk, which included nearby businesses. ECF No. 21, ¶10. While not stated explicitly, it can be inferred that minors were present in his general surroundings. *Id*. at ¶15.

The Amended Complaint alleges that officers approached Mr. Hickman and informed him that people had made police reports of his activity, which was causing a domestic disturbance. *Id*. at ¶¶22, 23. As in his original Complaint, Mr. Hickman alleges he "was not detained, arrested, or cited, and Defendants ultimately disengaged and returned to their patrol vehicles." *Id*. at ¶26.

Mr. Hickman filed this action on January 26, 2026, against the City of Pasco and Officers Dietrich and Vargas, alleging claims for violations of his First and Fourth Amendment rights. ECF No. 1. The Court dismissed the original complaint for failure to state a claim. *See* ECF No. 20 at 2. Mr. Hickman filed an Amended Complaint on April 27, 2026. ECF No. 21.

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must plead "enough facts to state a claim to relief that is plausible on

ORDER OF DISMISSAL - 2

its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Under Rule 12, dismissal may be warranted based on either the lack of a cognizable legal theory or the absence of factual support for a cognizable legal theory. *Lawyers for Fair Reciprocal Admission v. United States*, 141 F.4th 1056, 1065 (9th Cir.).

In considering whether to dismiss a complaint, the Court must accept the factual allegations of the complaint as true and construe the pleadings in the light most favorable to the nonmoving party. *Wood v. Moss*, 572 U.S. 744, 755 n.5 (2014); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

*Pro se* pleadings are "to be liberally construed" and are held to a less stringent standard than those drafted by a lawyer. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) ("*Iqbal* incorporated the *Twombly* pleading standard and *Twombly* did not alter courts' treatment of *pro se* filings; accordingly, we continue to construe pro se filings liberally when evaluating them under *Iqbal*.").

*Qualified Immunity*

"The doctrine of qualified immunity protects government officials from

ORDER OF DISMISSAL - 3

liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808 (2009). "Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right." *Id*. at 232. Mr. Hickman alleges liability based on violations of his First and Fourth Amendment rights. Each alleged constitutional violation is addressed.

### 1. First Amendment Retaliation

To bring a First Amendment retaliation claim, a plaintiff must allege: "(1) he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity, and (3) the protected activity was a substantial or motivating factor in the defendant's conduct." *O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016) (quoting *Pinard v. Clatskanie Sch. Dist. 6J*, 467 F.3d 755, 770 (9th Cir. 2006)).

The First Amendment protects the right to film matters of public interest. *Fordyce v. City of Seattle,* 55 F.3d 436, 439 (9th Cir. 1995). Not all filming is protected. *Solomon v. Las Vegas Metro. Police Dep't,* 2025 WL 1678174 at *1 (9th Cir. June 12, 2025) (upholding dismissal of First Amendment retaliation claim based on plaintiff's filming sidewalk of Fashion Show Mall).

ORDER OF DISMISSAL - 4

Mr. Hickman does not plead that he was filming matters of public interest. Rather, his Complaint makes clear that officers approached him because of reports he was filming minors and causing a domestic disturbance. While Mr. Hickman may attempt to make a case for why his activity on the date in question warranted constitutional protection, this right is not "clearly established." Officers Dietrich and Vargas are therefore entitled to immunity on Mr. Hickman's First Amendment Retaliation claims.

### 2. Fourth Amendment

The Fourth Amendment protects against unlawful seizures. Mr. Hickman's Amended Complaint alleges that Defendants "attempted" to seize him but lacked reasonable suspicion or probable cause to believe he had committed any crime. He alleges that because an ordinary person wouldn't feel free to leave, this was an "attempted seizure." He alleges that he suffered harm, including intimidation and interference with his liberty.

The Fourth Amendment protects against unlawful seizures. Although a seizure may occur where an individual is detained or believes he is "not free to leave," *see Michigan v. Chesternut,* 486 U.S. 567, 573, 105 S.Ct. 3439 (1988), by Mr. Hickman's own admission, "[n]o arrest or seizure ultimately occurred, and Defendants disengaged and returned to their patrol vehicles." ECF No. 1 at 6. Having failed to plead the violation of a clearly established right, Officers Dietrich

ORDER OF DISMISSAL - 5

and Vargas are entitled to immunity on Mr. Hickman's Fourth Amendment violation claims.

*Municipal Liability*

Under *Monell*, "[a] government entity may not be held liable under § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694, , 98 S. Ct. 2018 (1978).

To allege municipal liability under 42 U.S.C. § 1983, a plaintiff must plead "that (1) he was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounted to deliberate indifference to [the plaintiff's] constitutional right; and (4) the policy was the moving force behind the constitutional violation." *Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020). Policies that lead to liability under *Monell* can include "written policies" and "unwritten customs and practices," as well as a "failure to train" employees. *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021).

"[D]eliberate indifference' is a stringent standard of fault." *Connick v. Thompson*, 563 U.S. 51, 61, 131 S.Ct. 1350 (2011) (internal citations omitted). Liability requires proof that "the need for more or different training [was] so obvious, and the inadequacy so likely to result in the violation of constitutional

ORDER OF DISMISSAL - 6

rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378, 390, 109 S.Ct. 1197 (1989).

Mr. Hickman alleges the "City of Pasco failed to adequately train and supervise its officers regarding citizens' First Amendment right to record in public and the limits of lawful detention and seizure." ECF No. 21 at 6. He fails, however, to allege specific facts showing that the City of Pasco was on actual or constructive notice in their training program that would tend to cause violations of citizens' constitutional rights. Accordingly, the Amended Complaint fails to suggest an obvious need for training that could support a theory of municipal liability.

*Leave to Amend*

"A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015).

For the foregoing reasons, the Court finds that amendment would be futile. Even should Mr. Hickman be able to allege facts to cure pleading deficiencies, amendment would not overcome immunity. *See Dougherty v. City of Covina*, 654 F.3d 892, 901 (9th Cir. 2011) (affirming district court's denial of leave to amend because the proposed amendment would be futile where the proposed amended

ORDER OF DISMISSAL - 7

complaint failed to state a *Monell* claim against claim against the City of Covina).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.    Defendant's Motion to Dismiss, **ECF No. 22**, is **GRANTED**.

2.    Plaintiff's Amended Complaint, **ECF No. 21**, is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2).

3.    The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, enter judgment, provide copies to Plaintiff and counsel, and **CLOSE** the file.

**DATED** June 29, 2026.

_____
REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL - 8